Stein Saks PLLC
Raphael Deutsch, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500 x121
Fax: 201-282-6501
rdeutsch@SteinSaksLegal.com
Pending Pro Hac Vice

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Artur Khaimov, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br><br>          -v.-<br><br>Arstrat, LLC and John Does 1-25,<br><br><br><br>                    Defendant(s). | Civil Action NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Artur Khaimov, an Arizona resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Arstrat, LLC, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and respectfully sets forth, complains, and alleges the following based upon information and belief of

Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress

gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Arizona, County of Maricopa, residing at 310 W Muriel Dr., Phoenix, AZ 85023.

8.    Defendant Arstrat is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service, care of

its registered agent, Corporation Service Company, at 8825 N 23rd Avenue,

Suite 100, Phoenix, AZ 85021.

9.     Upon information and belief, Defendant Arstrat is a company that

uses the mail, telephone, and facsimile and regularly engages in business the

principal purpose of which is to attempt to collect debts alleged to be due

another.

10.     John Does l-25, are fictitious names of individuals and businesses

alleged for the purpose of substituting names of Defendants whose identities

will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following case, pursuant to

Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.  all individuals residing in the state of Arizona;

    b.  to whom Defendant sent a collection letter;

    c.  which offered a deceptive settlement offer that offers to settle the

       balance for 100% of the balance;

    d.  which letter was sent on or after a date one (1) year prior to the

       filing of this action and on or before a date twenty-one (2l) days

       after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d and l692e.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

1
2
3
4

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

5
6
7
8

     e.     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

9
10
11
12
13
14
15
16
17

     f.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e, 1692d.

18
19
20
21
22

     g.     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

23
24
25
26
27
28

     h.     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also

retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

i. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FACTUAL ALLEGATIONS**

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.    Some time prior to February 17, 2021 an obligation was allegedly incurred to the Honorhealth Thompson Peak.

22.    The Honorhealth Thompson Peak obligation arose out of transactions for medical services which involved the transaction of money, property, insurance or services. These medical services were incurred primarily for personal, family or household purposes.

23.    The alleged Honorhealth Thompson Peak obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.    Defendant Artsrat is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

25.    Creditor Honorhealth Thompson Peak contracted with the Defendant Arstrat to collect the alleged debt.

26.    Defendant Arstrat collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on

behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – February 17, 2021 Collection Letter*

27.    On or around February 17, 2021 the Plaintiff received a collection letter from Defendant. (See Letter attached hereto as Exhibit A).

28.    The Letter stated a balance of $1160.72.

29.    The letter further stated, " SAVE 0% off the balance due Honorhealth Thompson Peak has placed your account with us for collection. Honorhealth Thompson Peak has authorized us to extend a special offer agreeing to accept 100% of the balance as a full settlement of the bill.  This offer will be valid for at least 14 days after you receive this notice, after which it may expire.  We are not required to renew this offer.  If more than 14 days have passed, please call 888-843-0014 to see if the offer is still valid."

30.    Defendant's Letter deceptively refers to a 100% payment of the balance as a settlement, when in fact it is not a settlement at all.

31.    This statement is deceiving and misleading on its face as Defendant's offered "Settlement" is not a reduced offer of settlement, but merely payment in full.

32.    Defendant's letter is also a deceptive tactic to coerce a payment from Plaintiff, by describing a full balance as a settlement.

33.    Such language is especially egregious in this specific instance, as the letter states "SAVE 0% off the balance due"  and is not a reduced offer of settlement at all.

34.    Furthermore, Defendant's expiring offer is deceiving and misleading on its face as the Plaintiff is entitled to always make a payment in full, even beyond the stated fourteen day "offer".

35.    As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

<u>COUNT I</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.**
**§1692d *et seq.***

36.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

38.    Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39.    Defendant engaged in harassing and abuse debt collection methods in sending Plaintiff a collection letter offering a settlement offer when it is not a settlement offer at all,  in violation of 15 U.S.C. §§1692d.

40.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>COUNT II</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.
§1692e** *et seq.*

41.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.     Defendants made deceptive and misleading representations when they

(a) communicated to Plaintiff that they would describe full payment on the debt as a settlement; and

(b) falsely and deceptively mischaracterized the legal status of the debt allegedly owed in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

45.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

46.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Artur Khaimov demands judgment from Defendant Arstrat as follows:

a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)    For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:    Hackensack, New Jersey
          June 30, 2021

**Stein Saks, PLLC**

*/s/ Raphael Deutsch*
by:  Raphael Deutsch, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500 x121
Fax: 201-282-6501
rdeutsch@SteinSaksLegal.com

*Attorneys for Plaintiff*